CAUSE NO. C-1415-10-C

**FILED**
8:0_ O'CLOCK ___ M
MAY 17 2010
LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By _____ Deputy
139th JUDICIAL DISTRICT

| | |
|---|---|
| JOHN BAKER, BAKER, BROWN & DIXON, P.C., WILFRIDO GARCIA, AND SERVICIOS LEGALES DE MESOAMERICA, S. DE R.L. | § § § § IN THE DISTRICT COURT § § |
| V. | § § |
| SEAN CALLAGY, INDIVIDUALLY AND AS A TEXAS RECEIVER; SEAN R. CALLAGY, ESQ., LLC, THE LAW FUNDER, LLC, GEORGE PRUSSIN, JAGUAR STRATEGIES, LLC, AND PABLO LIMON | § § § § § § § § HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR TRO AND STAY OF ARBITRATION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs complain of Defendants and in support would show unto the court the following:

### Parties

1. John Baker is an individual residing in Travis County, Texas.

2. Baker Brown & Dixon, PC is a Texas law firm having its principal office in Travis County, Texas.

3. Wilfrido Garcia is an individual residing in Hidalgo County, Texas.

4. Servicios Legales de Mesoamerica, S de RL is a Mexican law firm organized under the laws of the Republic of Mexico.

5. Sean Callagy is an individual residing in New Jersey. Callagy is also a Receiver appointed by a Texas court. Callagy can be served at 700 Kinderkamack Road, Suite 207, Oradell, New Jersey 07649, or where ever they may be found.

6. Sean R. Callagy Esq, LLC is a law firm having its principal office in New Jersey. Callagy Law Firm


EXHIBIT B

can be served by serving its principal Sean Callagy at 700 Kinderkamack Road, Suite 207, Oradell, New Jersey 07649, or where ever they may be found.

7. The Law Funder, LLC is a foreign company doing business in the state of Texas. Law Funder can be served by serving its authorized principal George Prussin at 295 Madison Ave, 29th Floor, New York, New York, 10017.

8. George Prussin is an individual residing in New Jersey. Prussin can be served at 1 Hastings Drive, Tenally, New Jersey.

9. Jaguar Strategies, LLC is a foreign company doing business in the State of Texas. Jaguar Strategies can be served by serving its authorized principal George Prussin at 295 Madison Ave, 29th Floor, New York, New York, 10017.

10. Pablo Limon is a Mexican National who can be served at Prado Norte, 3130 Oficina No. 202, Lomas de Chapultepuque, Mexico, D.F., 11001.

Venue

11. Venue is mandatory in Hidalgo County, Texas because this lawsuit is against a Receiver who was appointed by a District Court of Hidalgo County, Texas. Venue is proper in Hidalgo County, Texas because all or a substantial part of the causes of action arose in Hidalgo County, Texas. Venue is also proper in Hidalgo County, Texas because the agreements made the basis of this lawsuit were made and are in large part performable in Hidalgo County, Texas.

Causes of Action

12. Callagy was appointed as a Receiver by a Texas court, a position he continues to serve. Callagy thus owes a fiduciary duty to Plaintiffs. In violation of his fiduciary duty, Callagy filed a bogus lawsuit against Plaintiffs in New Jersey, and made an unlawful demand for arbitration through the American Arbitration

2

Association. Callagy's breach of fiduciary duty has proximately caused harm to Plaintiffs.

13. Defendants made numerous agreements with Plaintiffs, some in writing, some verbal. Defendants agreed to finance the expenses incurred in signing up SLM clients for further legal representation. Defendants failed to fund as agreed thereby breaching the agreements. The breach has proximately caused damages to Plaintiffs.

14. Defendants Callagy Law Firm and Callagy agreed to represent SLM's clients. Based on Callagy's representation, SLM clients were contacted and told of Callagy's representation. Thereafter, Callagy breached his agreement to represent SLM clients. Plaintiffs detrimentally relied on the promises made by Callagy Law Firm and Callagy. The breach has proximately caused damages to Plaintiffs.

15. Defendant Pablo Limon, in conspiracy with others, maintains he has authority to act on behalf of SLM. Limon has filed or caused to be filed pleadings in litigation involving Plaintiffs and the other Defendants, which has and is causing confusion. Further, Limon has sent letters to many of the lawyers and law firms who are handling cases referred by Plaintiffs. Law Funder has an interest in some of those cases. These letters have caused confusion and interference with Plaintiffs relationships with these lawyers and law firms, as well as tortiously interfering with the relationship and settlement agreement between Plaintiffs and the other Defendants. Limon's acts and omissions have proximately caused harm to Plaintiffs.

Damages

16. Plaintiffs seek to recover all actual and special damages from Defendants, including attorneys fees and exemplary damages.

Application

17. Plaintiffs seek an emergency TRO and temporary injunction against Defendants. All Defendants except Limon are responsible for the filing of a New Jersey lawsuit, styled George Prussin, et al v. Wilfredo

3

Rogelio Garcia, et al, pending in the Superior Court of New Jersey Law Division, Bergen County Civil Part, Docket Number unknown. The New Jersey lawsuit was filed by Callagy, who is also the Texas Receiver for Plaintiffs. This is a terrible breach of fiduciary duty which is causing immediate and irreparable harm and must be immediately enjoined. Plaintiffs have not yet answered the lawsuit, but the deadline to answer is a few days away. An emergency TRO is need to stop the New Jersey lawsuit and to prevent a default judgment being taken.

18. Defendant Law Funder wrongfully filed a demand for arbitration through the American Arbitration Association. The only agreement between Plaintiffs and Law Funder which contains an arbitration agreement is a settlement agreement dated August 2009. The settlement agreement requires arbitration of "any future dispute arising from or related to" the settlement agreement. In violation of this agreement, Law Funder filed the New Jersey lawsuit against Plaintiffs, which are claims "arising out of or related to" the settlement agreement. The New Jersey lawsuit constitutes a total repudiation of the agreement to arbitrate by Law Funder. Thus, Law Funder has completely waived its right to arbitrate the present dispute. An emergency TRO is needed to stay the arbitration proceeding because the deadline to respond is imminent. The immediate and irreparable threat of the pending arbitration demand, coupled with the New Jersey lawsuit, is evidence of the abuse of process and outright malice with which the Defendants are proceeding against Plaintiffs in multiple forums.

19. An emergency TRO is also required against Limon to stop him from continuing to act as through he has authority or control of SLM. Limon must be enjoined from initiating or continuing any litigation in the name of SLM. Limon must also be enjoined from claiming or representing that he has any authority to act on behalf of SLM. Limon's conduct in acting on behalf of SLM is a continuing and immediate threat of irreparable harm.

20. An emergency TRO is also required against all Defendants to enjoin them from filing, initiating, or

4

continuing any litigation or proceedings against any or all of the Plaintiffs in any forum except in this court.

21. Upon notice and hearing, the TRO should be turned into a temporary injunction. Plaintiffs have shown probable right and probable injury for which there is no adequate remedy at law. The relief requested will preserve the status quo and is in the public interest to avoid multiple lawsuits and the possibility of inconsistent results.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants, jointly and severally, and for the TRO and temporary injunction. Plaintiffs also pray for all other relief, legal and equitable, to which they may be justly entitled.

Ricardo Salinas
State Bar No. 00786220
2011 Conway
Mission, Texas 78572
956-584-3900
956-580-9688

5

CAUSE NO. _____

| | | |
|---|---|---|
| JOHN BAKER, BAKER, BROWN & DIXON, P.C., WILFRIDO GARCIA, AND SERVICIOS LEGALES DE MESOAMERICA, S. DE R.L. | § § § § | IN THE DISTRICT COURT |
| V. | § § § | |
| SEAN CALLAGY, INDIVIDUALLY AND AS A TEXAS RECEIVER; SEAN R. CALLAGY, ESQ., LLC, THE LAW FUNDER, LLC, GEORGE PRUSSIN, JAGUAR STRATEGIES, LLC, AND PABLO LIMON | § § § § § § § | _____ JUDICIAL DISTRICT |
| | § | HIDALGO COUNTY, TEXAS |

## VERIFICATION

BEFORE ME, the undersigned authority, on this day personally appeared Wilfrido Garcia, who, being by me duly sworn upon his oath deposed and stated that he is duly qualified and authorized in all respects to make this affidavit, that he has read the above and foregoing Plaintiffs' Original Petition, and that every statement contained therein is within his knowledge and true and correct.

_____
Wilfrido Garcia

SUBSCRIBED AND SWORN to before me on this the 14th day of May, 2010, by the said Wilfrido Garcia.

ERNESTO GASCA
Notary Public, State of Texas
My Commission Expires
June 05, 2013

_____
Notary Public - State of Texas

My Commission Expires: 6-5-2013